UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**HAMID MAZUJI,**

    **Plaintiff,**

v.                                       **Case No: 5:12-cv-404-Oc-18PRL**

**COMMISSIONER OF SOCIAL SECURITY**

    **Defendant.**

___

### REPORT AND RECOMMENDATION[1]

This case is before the Court on Plaintiff's appeal of an administrative decision denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income Benefits ("SSI"). The Court has reviewed the record, the memoranda, and the applicable law. For the reasons set forth herein, it is **RECOMMENDED** that the Commissioner's decision be **AFFIRMED.**

    **I. Procedural History and Summary of the ALJ's Decision**

On December 22, 2008, Plaintiff protectively filed for disability insurance benefits (DIB) and supplemental security income (SSI), alleging he became disabled on October 19, 2008. (Tr. 146-49, 166). His claim was denied initially on February 5, 2010, and upon reconsideration on April 14, 2009. (Tr. 77, 87). On October 29, 2010, the Administrative Law Judge (ALJ) issued a partially favorable decision that the Plaintiff was disabled for a period from October 19, 2008

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

until April 2, 2010. (Tr. 6, 25). Plaintiff filed a request for review of the ALJ's decision with the Appeals Council (Tr. 4), which was denied. (Tr. 1-3). Plaintiff appeals from the final decision pursuant to 42 U.S. C. § 405(g).

On his alleged onset date, Plaintiff was 46 years old (Tr. 166), college educated, and had worked as a cashier, sales associate, and crew member in the Army. (Tr. 175, 170). On October 19, 2008, Plaintiff was injured while riding his bicycle. (Tr. 328). He was treated at Shands Hospital, where he was diagnosed as suffering from a left distal radius fracture and a right tibial plateau fracture. (Tr. 237). Plaintiff's disability claims arise primarily from injuries he received during that accident. (Tr. 42-43).

In his decision, the ALJ found that Plaintiff had two severe impairments: (1) status post right lower extremity fracture; and (2) left upper extremity fracture. (Tr. 13). The ALJ found Plaintiff disabled for a closed period from October 19, 2008 through April 1, 2010 (Tr. 17). As of April 2, 2010, however, the ALJ found medical improvement. (Tr. 17). The ALJ found that beginning April 2, 2010, Plaintiff had the residual functional capacity (RFC) to perform a range of sedentary work. (Tr. 19). Specifically, the ALJ found that Plaintiff could stand or walk for two hours and sit for six hours in an eight-hour workday, and occasionally balance, stoop, kneel, crouch, crawl, or climb stairs or ramps, but never climb ropes, ladders or scaffolds. (Tr. 19). The ALJ also found Plaintiff should avoid concentrated exposure to work hazards such as moving machinery or unprotected heights. (Tr. 19).

Based on those findings, the ALJ found that Plaintiff could not return to his past relevant work. (Tr. 22). After applying the Medical-Vocational guidelines as a framework, and considering the testimony of a vocational expert, the ALJ found that there were job that existed in significant numbers in the national economy Plaintiff could perform, such as an electrical

assembler (Tr. 22-23). Accordingly, the ALJ found that Plaintiff's disability ended on April 2, 2010. (Tr. 23).

On July 19, 2012, Plaintiff filed his Complaint with this Court. (Doc. 1). Plaintiff has exhausted the available administrative remedies, and the case is properly before the Court. After a thorough review of the entire record and consideration of the parties' respective memoranda, the undersigned finds that the ALJ applied proper legal standards and the ALJ's decision is supported by substantial evidence. Accordingly, it is recommended that the ALJ's decision be affirmed.

## II.  Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a). The Commissioner has established a five-step sequential analysis for evaluating a claim of disability. *See* 20 C.V.R. §404.1520. The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988)(citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is "more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established,

and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995)(per curiam)(internal citations omitted); see also *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).

When the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991)(per curiam.)  "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote,* 67 F.3d at 1560, *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992)(stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings).

### III.  Relevant Evidence and Arguments on Appeal

On appeal, Plaintiff argues that the ALJ erred when finding that Plaintiff's disability ended on April 2, 2010.  Specifically, Plaintiff contends that (1) the ALJ failed to meet his burden of proof as to medical improvement; (2) the ALJ's residual functional capacity finding is unsupported by substantial evidence; (3) the ALJ erred by failing to make proper credibility findings as to Plaintiff's testimony; and (4) the ALJ erred in determining that, as of April 2, 2010, Plaintiff could perform a range of sedentary work.

### A.  The ALJ's Finding Regarding Medical Improvement

Plaintiff first argues that the ALJ erred when determining that Plaintiff's condition medically improved as of April 2, 2010, and that this matter should be remanded for further administrative proceedings.

Plaintiff takes issue with the ALJ's reliance on physical therapy notes from March and

September 2009, specifically progress notes indicating that Plaintiff could walk 10 minutes on the treadmill, complete 75 squats on the shuttle, and strength train. (Tr. 18). Plaintiff argues that the ALJ improperly concluded that these progress notes indicate medical improvement, and that the ALJ's determination is an improper medical determination. (Doc. 28, p. 10). Plaintiff argues that the ALJ's determination is improper because no medical sources opined that Plaintiff's limited ability to engage in physical therapy in any way evidenced medical improvement, citing *Rodriguez v. Astrue*, No. 5:11-cv-01087-RDP, 2012 U.S. Dist. LEXIS 93702, at *44 (N.D. Ala. July 6, 2012). Plaintiff also argues that it is not clear how his abilities to perform physical therapy indicate that medical improvement occurred as of April 2, 2010, and that the ALJ's decision must "explain in clear and understandable language the specific reasons for the decision," citing 20 C.F.R. § 405.370.

In response, the Defendant contends that substantial evidence supports the ALJ's finding medical improvement as of April 2, 2010. Indeed, the Commissioner has established a specific sequential evaluation process to determine whether a claimant's disability has ceased. *See* 20 C.F.R. § 404.1594(f). As part of this process, the adjudicator must decide whether the claimant has experienced medical improvement in his condition. *See* 20 C.F.R. § 404.1594(f)(3). Medical improvement is defined as any decrease in the medical severity of the claimant's impairment(s) based on changes in the symptoms, signs, and/or laboratory findings associated with the claimant's impairment(s). *See* 20 C.F.R. § 404.1594(b)(1). If the claimant has experienced medical improvement, the adjudicator must determine if the medical improvement relates to the claimant's ability to work. *See* 20 C.F.R. § 404.1594(f)(4). Medical improvement relates to a claimant's ability to work if a claimant has had a decrease in the severity of his impairment(s) and his residual functional capacity (RFC) has increased. *See* 20 C.F.R. §

404.1594(b)(3).

The ALJ's conclusion that Plaintiff's impairments improved as of April 2, 2010 is supported by Plaintiff's hearing testimony and his physical therapy notes, as well as other record evidence. At the hearing on September 14, 2010, the Plaintiff testified that, although the fracture to his left wrist made his left arm and hand difficult to use at first, it was then "working fine," and had "recovered fully." (Tr. 17, 45). The Plaintiff also testified that, when leaning on his left side, he could sit for one to two hours at time and he tried to exercise often, including walking one to two miles under optimal conditions and 100 to 200 yards under less optimal conditions (Tr. 27, 46-49). He also stated he had stopped using crutches or any other assistive device about six to twelve months before the hearing, no longer leaned on a cart at the grocery store, and could ride his bicycle for a total of ten miles. (Tr. 17, 49, 57, 61-62). The ALJ also considered Plaintiff's progress from being wheelchair bound to being able to strength train efficiently, and that his therapist noted he showed substantial improvement. (Tr. 18, 400, 508). By September 2009, Plaintiff's therapist noted that he was able to do 20 minutes of cardiovascular exercise on a recumbent bicycle, ten minutes of walking on a treadmill at six miles per hour, and perform 75 squats – notably all without reporting pain. (Tr. 18, 430-32).

The ALJ also considered the lack of significant findings during Plaintiff's last documented visit with treating physician Dr. Kendall Campbell on April 29, 2010. At this visit, Plaintiff denied swelling, redness, muscle pain, numbness, or burning or tingling in his lower extremities (Tr. 18, 392). Plaintiff reported some joint pain at the right knee, but Dr. Campbell noted no knee effusion, that the ligaments appeared to be intact, and strength was preserved. (Tr. 19, 392).

Upon consideration, the Court agrees that the ALJ properly considered the combination

of Plaintiff's testimony about his abilities, the physical therapy progress notes, and records from his final visit with Dr. Campbell. Substantial evidence supports the ALJ's conclusion that Plaintiff's impairments improved as of April 2, 2010.

### B. The ALJ's Finding Regarding Residual Functional Capacity

Plaintiff argues that the ALJ's RFC determination is unsupported by substantial evidence. Specifically, Plaintiff argues that the record contains only one opinion from a medical source regarding RFC, medical consultant Dr. Peele. On April 11, 2009, Dr. Peele opined that Plaintiff could lift 20 pounds occasionally, lift 10 pounds frequently, stand and walk for six hours in an eight-hour workday, and sit for six hours in an eight-hour workday. (Tr. 382-89). Plaintiff contends that Dr. Peel's opinion is insufficient to support the ALJ's RFC determination.

The Defendant responds that Plaintiff's argument lacks merit because an ALJ does not need a RFC assessment from an examining or treating physician to determine a claimant's RFC. Indeed, the final responsibility for assessing a claimant's RFC rests with the ALJ, based on all the relevant evidence in the record, not only the relevant medical evidence. *See* 20 C.F.R. § 404.1527(d)(2). Relevant evidence includes not only medical assessments, not also medical reports, and descriptions and observations of a claimant's limitations by the claimant and others. *See* 20 C.F.R. § 404.1545(a)(3).

The Court agrees that the ALJ's finding that Plaintiff had the RFC to perform sedentary work with some limitations was supported by substantial evidence in the record. Sedentary work is characterized by "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." *See* 20 C.F.R. § 404.1567(a). A sedentary job involves sitting most of the time with a certain amount of walking and standing to carry out job duties. *Id.*

- 8 -

As has been previously discussed, the ALJ considered Plaintiff's own testimony regarding the full recovery of his left wrist and arm. (Tr. 20, 45). Likewise, the ALJ considered Plaintiff's testimony that he could sit up to one or two hours when leaning on the left side, and acknowledged that, in optimal conditions, he could walk one to two miles and under suboptimal conditions, he could walk 100 to 200 yards. (Tr. 20, 46-47, 49). The ALJ also considered the conservative nature of Plaintiff's treatment, including Dr. Campbell's records and his recommendation for nothing more than over the counter medications. (Tr. 21, 393). Significantly, the ALJ noted that Plaintiff's physicians lifted all previously imposed lifting and weight bearing restrictions, and Plaintiff was encouraged to walk without an assistive device and to exercise. (Tr. 15, 535, 439). The ALJ considered that there was no record of any restrictions placed on Plaintiff after April 1, 2010. (Tr. 21, 391-93).

Finally, the ALJ properly considered Plaintiff's daily life activities when assessing Plaintiff's RFC. *See Macia v. Boweni,* 829 F.2d 1009, 1012 (11th Cir. 1987). The ALJ noted Plaintiff's testimony that he was able to ride his bicycle for ten miles (Tr. 21, 61-62), use a computer for word processing and to use Facebook, walk to church and attend services, do his own grocery shopping, and take care of all his own personal needs and household chores such as laundry and light cleaning. (Tr. 20, 55-58, 60-61).

The regulations state that a medical source statement regarding what a claimant can do, despite his limitations, is not required and the lack of one does not make the record incomplete. *See* 20 C.F.R. § 404.1519n(c)(6). For the reasons stated above, the Court finds that the ALJ's RFC finding was supported by substantial evidence.

### C. The ALJ's Consideration of the Credibility of Plaintiff's Claims

Plaintiff argues that the ALJ failed to make proper credibility findings as to Plaintiff's

testimony. Specifically, Plaintiff argues that, while the ALJ considered that Plaintiff was able to ride his bicycle for ten miles, the ALJ failed to consider Plaintiff's testimony that he does not have a driver's license and uses his bicycle for transportation (Doc. 28, p. 13). Plaintiff also argues that the ALJ failed to show how Plaintiff's limited ability to ride a bicycle demonstrates his ability to work on a regular and continuing basis.

The Court finds these arguments without merit. Here, the issue is Plaintiff's abilities. For example, an RFC is the most a claimant can still do despite the physical and mental limitations resulting from his impairments. *See* 20 C.F.R. § 404.1545, *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). Plaintiff's personal reasons for riding his bicycle considerable distances is an entirely separate issue than the proper inquiry, i.e, his physical and mental capabilities. Moreover, the ALJ considered far more than Plaintiff's testimony regarding bicycle riding in making his determinations.

As the Defendant argues, and as has already been noted, the ALJ considered ample record evidence when evaluating the credibility of claimant's statements regarding the intensity, persistence, or limiting effects of his symptoms. *See* 20 C.F.R. § 404.1529. To some extent, the ALJ found Plaintiff's testimony inconsistent. For example, Plaintiff testified that he could sit for one to two hours at a time when leaning on his left side, but later stated he could only sit for thirty minutes at a time before needing to move around a bit. (Tr. 20, 46, 48). The ALJ gave ample reasons for reaching his conclusions that Plaintiff's subjective complaints were not entirely credible. (Tr. 19-21). Specifically, the ALJ cited Plaintiff's own admitted capabilities, progress notes from physical therapy, records from his last visit with Dr. Campbell, and the conservative nature of Plaintiff's treatment. (Tr. 19-21, 393).

Accordingly, the Court finds that the ALJ did not err in his credibility findings regarding

Plaintiff's symptoms.

### D. The ALJ's Determination Regarding Plaintiff's Ability to Perform Sedentary Work

Plaintiff's final argument on appeal is that the ALJ erred in determining that, as of April 2, 2010, Plaintiff could perform a range of sedentary work. Specifically, Plaintiff argues that the ALJ erred in relying upon vocational expert testimony. Plaintiff contends the testimony was "in response to an incomplete hypothetical." (Doc. 28, p. 14). Plaintiff also argues that the ALJ's hypothetical failed to reflect Plaintiff's testimony that he needs to elevate his feet with prolonged sitting. (Tr. 50-51).

Plaintiff's argument apparently references the ALJ's reliance on testimony of vocational expert Dr. Howard Feldman, who was asked to consider a hypothetical individual with the same age, education, work experience, and RFC as Plaintiff. (Tr. 67-68). Defendant argues that the ALJ's reliance on vocational expert testimony was proper because the question adequately portrayed the limitations found credible by the ALJ, and the vocational expert identified work compatible with the limitations set forth in the hypothetical question. (Tr. 66-69). Dr. Feldman specifically identified jobs that Plaintiff could perform, including bench assembler, and electronics assembler, and a toll or ticket taker. (Tr. 68-69). At that point, the burden then fell back on Plaintiff. *See Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001) (stating that a claimant must prove that he is unable to perform the jobs listed by the Commissioner). Plaintiff's testimony regarding his periodic need to elevate his feet was encompassed by the ALJ's review of all the record evidence when arriving at his RFC determination.

The Court finds that the ALJ did not err in relying on the vocational expert's testimony, and that the ALJ's finding regarding Plaintiff's ability to perform sedentary work is supported by substantial evidence.

## IV. RECOMMENDATION

For the reasons stated above, it is respectfully **RECOMMENDED** that the ALJ'S decision should be Affirmed.

**DONE AND ENTERED** in Ocala, Florida, on November 7, 2013.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies to:

District Judge

All Counsel

Case 5:12-cv-00404-GKS-PRL   Document 30   Filed 11/07/13   Page 11 of 11 PageID 683